UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DONALD S.,

            Plaintiff,

-v-

COMMISSIONER OF SOCIAL SECURITY,

           Defendant.

20-CV-01292-MJR
DECISION AND ORDER

---

Pursuant to 28 U.S.C. §636(c), the parties consented to have a United States Magistrate Judge conduct all proceedings in this case. (Dkt. Nos. 15, 16)

Plaintiff Donald S.[1] ("Plaintiff") brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner" or "defendant") denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") pursuant to the Social Security Act (the "Act"). Both parties have moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the following reasons, Plaintiff's motion (Dkt. No. 12) is granted, defendant's motion (Dkt. No. 13) is denied, and the case is remanded for further administrative proceedings.

---

[1] In accordance with the District's November 18, 2020, Standing Order, Plaintiff is identified by first name and last initial.

## BACKGROUND[2]

Plaintiff filed for DIB and SSI on June 30, 2017, alleging a disability onset date of January 1, 2013. (Administrative Transcript ["Tr."] 156-63). The application was initially denied on October 20, 2017. (Tr. 83-84, 88-99). Plaintiff timely filed a request for an administrative hearing. (Tr. 117-18). On July 9, 2019, Administrative Law Judge ("ALJ") Timothy M. McGuan held a hearing in Buffalo, New York. (Tr. 34-63). Plaintiff appeared with his attorney. A vocational expert also appeared via telephone. The ALJ issued an unfavorable decision on July 25, 2019. (Tr. 10-33). On July 15, 2020, the Appeals Council denied Plaintiff's request for review. (Tr. 1-6). This action followed.

## DISCUSSION

### I.  Scope of Judicial Review

The Court's review of the Commissioner's decision is deferential. Under the Act, the Commissioner's factual determinations "shall be conclusive" so long as they are "supported by substantial evidence," 42 U.S.C. §405(g), that is, supported by "such relevant evidence as a reasonable mind might accept as adequate to support [the] conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted). "The substantial evidence test applies not only to findings on basic evidentiary facts, but also to inferences and conclusions drawn from the facts." *Smith v. Colvin*, 17 F. Supp. 3d 260, 264 (W.D.N.Y. 2014). "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force," the

---

[2] The Court presumes the parties' familiarity with Plaintiff's medical history, which is summarized in the moving papers.

Court may "not substitute [its] judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002). Thus, the Court's task is to ask "'whether the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached' by the Commissioner." *Silvers v. Colvin*, 67 F. Supp. 3d 570, 574 (W.D.N.Y. 2014) (quoting *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982)).

Two related rules follow from the Act's standard of review. The first is that "[i]t is the function of the [Commissioner], not [the Court], to resolve evidentiary conflicts and to appraise the credibility of witnesses, including the claimant." *Carroll v. Sec'y of Health & Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983). The second rule is that "[g]enuine conflicts in the medical evidence are for the Commissioner to resolve." *Veino*, 312 F.3d at 588. While the applicable standard of review is deferential, this does not mean that the Commissioner's decision is presumptively correct. The Commissioner's decision is, as described above, subject to remand or reversal if the factual conclusions on which it is based are not supported by substantial evidence. Further, the Commissioner's factual conclusions must be applied to the correct legal standard. *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008). Failure to apply the correct legal standard is reversible error. *Id.*

II.     *Standards for Determining "Disability" Under the Act*

A "disability" is an inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Commissioner may find the claimant disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but

cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." *Id.* §§423(d)(2)(A), 1382c(a)(3)(B). The Commissioner must make these determinations based on "objective medical facts, diagnoses or medical opinions based on these facts, subjective evidence of pain or disability, and . . . [the claimant's] educational background, age, and work experience." *Dumas v. Schweiker*, 712 F.2d 1545, 1550 (2d Cir. 1983) (first alteration in original) (quoting *Miles v. Harris*, 645 F.2d 122, 124 (2d Cir. 1981)).

To guide the assessment of whether a claimant is disabled, the Commissioner has promulgated a "five-step sequential evaluation process." 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4). First, the Commissioner determines whether the claimant is "working" and whether that work "is substantial gainful activity." *Id.* §§404.1520(b), 416.920(b). If the claimant is engaged in substantial gainful activity, the claimant is "not disabled regardless of [his or her] medical condition or . . . age, education, and work experience." *Id.* §§404.1520(b), 416.920(b). Second, if the claimant is not engaged in substantial gainful activity, the Commissioner asks whether the claimant has a "severe impairment." *Id.* §§404.1520(c), 416.920(c). To make this determination, the Commissioner asks whether the claimant has "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." *Id.* §§404.1520(c), 416.920(c). As with the first step, if the claimant does not have a severe impairment, he or she is not disabled regardless of any other factors or considerations. *Id.* §§404.1520(c), 416.920(c). Third, if the claimant does have a severe impairment, the

Commissioner asks two additional questions: first, whether that severe impairment meets the Act's duration requirement, and second, whether the severe impairment is either listed in Appendix 1 of the Commissioner's regulations or is "equal to" an impairment listed in Appendix 1. *Id.* §§404.1520(d), 416.920(d). If the claimant satisfies both requirements of step three, the Commissioner will find that he or she is disabled without regard to his or her age, education, and work experience. *Id.* §§404.1520(d), 416.920(d).

If the claimant does not have the severe impairment required by step three, the Commissioner's analysis proceeds to steps four and five. Before doing so, the Commissioner must "assess and make a finding about [the claimant's] residual functional capacity ["RFC"] based on all the relevant medical and other evidence" in the record. *Id.* §§404.1520(e), 416.920(e). RFC "is the most [the claimant] can still do despite [his or her] limitations." *Id.* §§404.1545(a)(1), 416.945(a)(1). The Commissioner's assessment of the claimant's RFC is then applied at steps four and five. At step four, the Commissioner "compare[s] [the] residual functional capacity assessment . . . with the physical and mental demands of [the claimant's] past relevant work." *Id.* §§404.1520(f), 416.920(f). If, based on that comparison, the claimant is able to perform his or her past relevant work, the Commissioner will find that the claimant is not disabled within the meaning of the Act. *Id.* §§404.1520(f), 416.920(f). Finally, if the claimant cannot perform his or her past relevant work or does not have any past relevant work, then at the fifth step the Commissioner considers whether, based on the claimant's RFC, age, education, and work experience, the claimant "can make an adjustment to other work." *Id.* §§404.1520(g)(1), 416.920(g)(1). If the claimant can adjust to other work, he or she is not disabled. *Id.* §§404.1520(g)(1), 416.920(g)(1). If, however, the claimant cannot

adjust to other work, he or she is disabled within the meaning of the Act. *Id.* §§404.1520(g)(1), 416.920(g)(1).

The burden through steps one through four described above rests on the claimant. If the claimant carries his burden through the first four steps, "the burden then shifts to the [Commissioner] to show there is other gainful work in the national economy which the claimant could perform." *Carroll*, 705 F.2d at 642.

III.   *The ALJ's Decision*

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since January 1, 2013, the alleged onset date. (Tr. 15). At step two, the ALJ found that Plaintiff had the following severe impairments: testicular torsion; status post right testicle removal; and moderate degenerative disc disease. (Tr. 15-19). At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 19). Prior to proceeding to step four, the ALJ determined that Plaintiff retains the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), except that: he can occasionally stoop, squat, and crouch; and as of July 1, 2018, he had the additional limitation of requiring a sit/stand option every 45 minutes; he can remain in place but after sitting for 45 minutes he needs to be able to stand in place while still at his job, and after standing for 45 minutes he needs to be able to sit in place while still at his job. (Tr. 19-26). At step four, the ALJ found that Plaintiff has no past relevant work. (Tr. 26). At step five, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff could

perform. (Tr. 26-27). Accordingly, the ALJ determined that Plaintiff has not been under a disability from January 1, 2013, through the date of his decision. (Tr.28).

IV. *Plaintiff's Challenge*

Plaintiff argues that the case should be remanded because the ALJ erred by impermissibly "cherry-picking" the medical opinion of Plaintiff's treating physician, Dr. Jiyeon Jung, M.D., and by relying on his own lay opinion to reject climbing limitations included in the medical opinions of both Dr. Jung and internal medicine consultive examiner, Dr. Hongbiao Liu, M.D. The Court agrees.

On March 27, 2017, the Commissioner instituted new regulations related to the evaluation of medical opinions. *See* 20 C.F.R. §§ 404.1520c; 416.920c. Because Plaintiff filed his claim on June 30, 2017, the new regulations apply to his case. Pursuant to the new regulations, the Commissioner "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources." *Id.*

"Although the new regulations eliminate the perceived hierarchy of medical sources, deference to specific medical opinions, and assigning 'weight' to a medical opinion, the ALJ must still articulate how [he or she] considered the medical opinions and how persuasive [he or she] find[s] all of the medical opinions." *Andrew G. v. Comm'r of Soc. Sec.*, 2020 WL 5848776, at *5 (N.D.N.Y. Oct. 1, 2020) (quotations and citation omitted). *See also*, 20 C.F.R. §§ 404.1520c(a) and (b)(1); 416.920c(a) and (b)(1). "When evaluating the persuasiveness of a medical opinion, the most important factors are supportability and consistency." *Jacqueline L. v. Commissioner of Social Security*, --- F. Supp.3d ---, 2021 WL 243099, at *4 (W.D.N.Y. Jan. 26, 2021) (citing 20 C.F.R. §§

404.1520c(a), 416.920c(a)). "'Even though ALJs are no longer directed to afford controlling weight to treating source opinions—no matter how well supported and consistent with the record they may be—the regulations still recognize the "foundational nature" of the observations of treating sources, and "consistency with those observations is a factor in determining the value of any [treating source's] opinion.'" *Id.* (quoting *Shawn H. v. Comm'r of Soc. Sec.*, 2020 WL 3969879, at *6 (D. Vt. July 14, 2020) (alteration in original) (quoting *Barrett v. Berryhill*, 906 F.3d 340, 343 (5th Cir. 2018))). "The new regulations cannot be read as a blank check giving ALJs permission to rely solely on agency consultants while dismissing treating physicians in a conclusory manner." *Dany Z. v. Saul*, 2021 WL 1232641, at *12 (D. Vt. Mar. 31, 2021). Indeed, many courts in this Circuit have concluded that the new factors are very similar to the analysis under the old rule. *See id.* (collecting cases).

Under either set of regulations, an ALJ's conclusions need not "perfectly correspond with any of the opinions of medical sources cited in his decision," *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013), but "[w]hen an ALJ adopts only parts of a medical opinion, he must explain why the other parts were rejected." *Lori M. v. Commissioner of Social Security*, 2021 WL 230916, at *4 (W.D.N.Y. Jan. 22, 2021) (citation omitted). *See also, Dioguardi v. Comm'r of Soc. Sec.*, 445 F. Supp. 2d 288, 297 (W.D.N.Y. 2006) (where the ALJ's "RFC assessment conflicts with an opinion from a medical source, the [ALJ] must explain why the opinion was not adopted.") (quoting Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *7 (S.S.A. July 2, 1996)).

Furthermore, when evaluating the opinions of record, an ALJ may not ignore an entire line of evidence that is contrary to his findings. *See Harris v. Colvin*, 149 F. Supp.3d

435, 447 (W.D.N.Y. 2016); *see also Wolfanger v. Colvin*, 2018 WL 2425811, at *4 (W.D.N.Y. May 30, 2018) (remanding where "the RFC determination reli[ed] on the impermissible cherry-picking of evidence that support[ed] a finding of not-disabled while ignoring other evidence favorable to the disability claimant"); *Tim v. Colvin*, 2014 WL 838080, at *8 (N.D.N.Y. Mar. 4, 2014) ("Reliance on cherry-picked evidence does not satisfy a substantial evidence standard.") (citing *Fiorello v. Heckler*, 725 F.2d 174, 175-76 (2d Cir. 1983)).

Here, Dr. Jung, Plaintiff's treating physician, opined that Plaintiff is "very limited" in stairs and other climbing. (Tr. 475). Dr. Liu, the consultative examiner, likewise opined that Plaintiff has a moderate limitation in climbing stairs and other climbing. (Tr. 460). Despite these two medical opinions, the ALJ did not include any stairs/climbing limitation in his RFC determination.

With regards to Dr. Jung's medical opinion, the ALJ adopted some of the limitations included in the opinion, finding them "somewhat persuasive," but rejected the stairs/climbing limitation because such a limitation was "not supported by the examination finding referenced above."[3] (Tr. 25). With regards to Dr. Liu's opinion, the ALJ did not address at all Dr. Liu's opinion that Plaintiff has a moderate stairs/climbing limitation. (Tr. 24).

Although the ALJ was not required to develop an RFC finding that "perfectly corresponds" with a medical opinion, *Matta*, 508 F. App'x at 56, he was required to provide valid reasons for not adopting portions that conflicted with the RFC finding. *Dioguardi*, 445 F. Supp.2d at 297. The ALJ's vague reasoning for selectively rejecting portions of

---

[3] It is not clear to the Court to which "examination finding" the ALJ is referring.

Dr. Jung's opinions "smacks of cherry picking," Younes v. Colvin, 2015 WL 1524417, at *8 (N.D.N.Y. Apr. 2, 2015). "While an ALJ is entitled to resolve conflicts in the evidentiary record, [he] cannot pick and choose evidence that supports a particular conclusion." Trumpower v. Colvin, 2015 WL 162991, at *17 (W.D.N.Y. Jan. 13, 2015); see also, Collins v. Colvin, 2016 WL 5529424, at *3 (W.D.N.Y. Sept. 30, 2016) ("An ALJ may not 'cherry pick' from a medical opinion, i.e., he or she may not credit evidence that supports administrative findings while ignoring conflicting evidence from the same source.").

Furthermore, the ALJ's vague and conclusory reasoning for rejecting portions of Dr. Jung's and Dr. Liu's opinions prevents meaningful review of his decision by the Court. See Smith, 2020 WL 4904956, at *3 ("the ALJ failed to construct 'an accurate and logical bridge' between his recitation of the facts and the conclusions he reached.") (citing Hamedallah ex rel. E.B. v. Astrue, 876 F. Supp.2d 133, 142 (N.D.N.Y. 2012) (quoting Steele v. Barnhart, 290 F.3d 936, 941 (7th Cir. 2002))). Simply put, two examining physicians opined that Plaintiff has a stairs/climbing limitation. The ALJ should have explained why the "consistency" factor of the new regulations did not require inclusion of such a limitation in the RFC. He failed to do so.

It appears that in rejecting the stairs/climbing limitation, the ALJ simply substituted his own lay opinion for those of two physicians. An ALJ is not permitted to "arbitrarily substitute his own judgment for competent medical opinion." Mariani v. Colvin, 567 F. App'x 8, 10 (2d Cir. 2014), as amended (July 30, 2014). Most importantly, when assessing specific RFC's, such specificity must be based on evidence and opinions within the record, not the ALJ's own surmise. Cosnyka v. Colvin, 576 F. App'x 43, 46 (2d Cir. 2014); see Perkins, 2018 WL 3372964, at *3 ("It is unclear to the Court how the ALJ, who

is not a medical professional, came up with this highly specific RFC determination without a relevant medical opinion."). In other words, "[a]n ALJ is prohibited from 'playing doctor' in the sense that an ALJ may not substitute his own judgment for competent medical opinion." *Benman v. Commissioner of Social Security*, 350 F. Supp.3d 252, 257 (W.D.N.Y. 2018) (internal quotation marks and citations omitted); *see also, Balsamo v. Chater*, 142 F.3d 75, 81 (2d Cir. 1998) ("the ALJ cannot arbitrarily substitute his own judgment for competent medical opinion," nor can [he] "set his own expertise against that of a physician who submitted an opinion or testified before him.").

Based on the above reasons, the Court finds that remand is necessary. *See, McGirr v. Comm'r of Soc. Sec.*, 2020 WL 3467416, at *2 (W.D.N.Y. June 25, 2020) ("If the ALJ does not explicitly articulate, or a reviewing court cannot otherwise discern, how the ALJ arrived at particular restrictions, it raises the specter that the ALJ either cherry-picked the evidence to justify a pre-ordained conclusion, or interpreted the medical evidence based on her own lay judgment—both of which constitute error.").

## CONCLUSION

For the above reasons, Plaintiff's motion for judgment on the pleadings (Dkt. No. 12) is granted, defendant's motion for judgment on the pleadings (Dkt. No. 13) is denied, and the case is remanded for further administrative proceedings.

The Clerk of Court shall take all steps necessary to close this case.

**SO ORDERED.**

Dated:   April 27, 2022
         Buffalo, New York

_____
MICHAEL J. ROEMER
United States Magistrate Judge